1

TODD A. FREALY (SBN 198780)
taf@lnbyb.com

2

LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700

3

Los Angeles, California 90067
Telephone: (310) 229-1234

4

Facsimile: (310) 229-1244

5

Attorneys for Amy L. Goldman

6

Chapter 7 Trustee

7

**UNITED STATES BANKRUPTCY COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA**

9

**SAN FERNANDO VALLEY DIVISION**

10

11

| | | |
|---|---|---|
| In re | ) | Case No. 1:18-bk-10886-VK |
| | ) | |
| EXOTIC EURO CARS, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **CHAPTER 7 TRUSTEE'S OPPOSITION** |
| | ) | **TO MOTION TO COMPEL** |
| | ) | **PRODUCTION OF DOCUMENTS AND** |
| | ) | **MEDIA; DECLARATION OF TODD A.** |
| | ) | **FREALY IN SUPPORT THEREOF** |
| | ) | |
| | ) | Date:    August 27, 2020 |
| | ) | Time:    2:00 p.m. |
| | ) | Place:   Courtroom 301 |
| | ) |             U.S. Bankruptcy Court |
| | ) |             21041 Burbank Boulevard |
| | ) |             Woodland Hills, CA 91367 |
| | ) | |
| | ) | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................2

II.     STATEMENT OF FACTS.....................................................................................5

III.    THE MOTION TO COMPEL SHOULD BE DENIED BECAUSE THE
        TRUSTEE HAS FULFILLED HER DUTIES UNDER SECTION 704(A)(7)
        AND THE TRUSTEE AND LNBYB HAVE ALREADY PRODUCED ALL
        RECORDS AS REQUIRED BY THE STIPULATION TO MOVANT ...............10

IV.     CONCLUSION .....................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Statutes**

11 U.S.C. § 101 ................................................................................................................ *passim*

11 U.S.C. § 704(a)(7) ..................................................................................................... 2, 10

**Federal Rules**

Fed.R.Bankr.P. 7026(b)(3) ............................................................................................... 11

Fed.R.Bankr.P. 9019 ......................................................................................................... 9

Fed.R.Civ.P. 26(b)(1) ...................................................................................................... 11

Fed.R.Civ.P. 26(b)(4) ...................................................................................................... 11

1  **TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES BANKRUPTCY**

2  **JUDGE, AND MOVANT RENZER BELL:**

3  　　Amy L. Goldman (the "Trustee"), the chapter 7 trustee for the bankruptcy estate of Exotic

4  Euro Cars (the "Debtor"), hereby respectfully submits this opposition to the "Notice of Motion to

5  Compel Production of Documents, and Media, and Compliance With Docket Nos. 37, and 50"

6  (the "Motion to Compel") filed by Renzer Bell ("Movant").

7  　　Any reply by Movant to this opposition must be filed with the Court and served on

8  counsel for the Trustee no later than 7 days prior to the hearing on the Motion to Compel.

9  **I.**

10  **INTRODUCTION**

11  　　The Motion to Compel is the latest effort brought by Movant to utilize the information

12  and documents obtained by the Trustee and her counsel for his own separate litigation against the

13  Kumars, and which not only provides no benefit to the estate but also causes the estate to

14  unnecessarily incur substantial administrative fees and costs. On October 24, 2018, Movant filed

15  a motion with the Bankruptcy Court styled: "Notice of Motion For An Order Directing Trustee

16  Amy Goldman, And Her Attorney Todd Frealy To Release Documents Germane To The Chapter

17  7 Petition Of Debtor Exotic Euro Cars" (Dkt. 31) (the "First Motion To Compel"). The parties

18  conferred and ultimately reached a stipulation which resolved the First Motion To Compel (the

19  "Stipulation"). The Stipulation addressed production of the Debtor's records, provided notice to

20  the Debtor and the Kumars concerning the Trustee's anticipated production and governed the

21  production of additional records which were anticipated to be received as a result of the Trustee's

22  investigation and administration of the Debtor's bankruptcy estate. The Court approved the

23  Stipulation pursuant to an order entered on November 21, 2018. A true and correct copy of the

24  Stipulation and order approving the Stipulation are attached hereto as Exhibits A and B,

25  respectively.

26  　　The Trustee hoped that entering into the Stipulation with Movant would accomplish 3

27  goals. First, the Stipulation fulfilled the Trustee's duties under Section 704(a)(7) of the

28  Bankruptcy Code to provide information to a party in interest concerning the estate and the

2

1  estate's administration. Second, the Stipulation resolved the First Motion To Compel which

2  would reduce the incurrence of administrative fees and costs by avoiding the hearing and

3  providing a procedure for production of documents requested by an alleged creditor. Third, the

4  Trustee expected that the Stipulation would provide an efficient solution to Movant's incessant

5  calls, letters and emails which he had been sending to the Trustee and LNBYB since the

6  beginning of the case because the Trustee was acquiescing to Movant's demands to receive all of

7  the Debtor's documents that were recovered during the case. While the Stipulation achieved the

8  Trustee's first two goals, it did not cause Movant to stop flooding the Trustee and LNBYB with

9  excessive correspondence (over 100 calls, letters and emails during the pendency of this case)

10  seeking information about the case, and despite many requests that Movant cease the incessant

11  communications which were causing the bankruptcy estate to incur substantial attorneys' fees

12  and costs.

13      In any event, the instant motion filed by Movant should be denied because the Trustee

14  and LNBYB have already produced all documents, records, media and things to Movant to

15  which he is entitled under the Stipulation. The Motion to Compel is also an attempt by Movant to

16  obtain LNBYB's work product and the discovery responses of the Debtor's principals Kain

17  Kumar and Sharmini Kumar (the "Kumars"), which the Trustee never agreed to produce. Movant

18  apparently requests these documents in support of his alleged claims against the Kumars, which

19  are pending in the United States District Court, Southern District of New York as Renzer Bell v.

20  Andrew Michael Koss, a/k/a Michael Koss, Dr. Kain Kumar, Sharmini Kumar, John Doe, Exotic

21  Euro Cars, and "ABC Corporations" being unknown, and fictitious at this time, Case No. 1:17-

22  cv-07762-AT-DCF (the "District Court Action").[1] Specifically, Movant seeks turnover of the

23  following 3 categories of documents:

24      1.  "any, and all documents, and media to creditor Renzer Bell including but not limited

25          to documents evincing transfers, wire transfers, withdrawals and payments made by

26  _____

27

28  [1] On December 26, 2018, Movant filed a proof of claim against the estate in the amount of
$773,435. The claim appears to be unliquidated.

3

1                Exotic Euro Cars for the benefit of its directors, officers or shareholders." ("Category

2                1").

3        2.   "Oral deposition transcript taken for defendant Sharmini Kumar." (the "Transcript").

4        3.   "Any other discovery documents/materials/media in possession of Trustee Amy

5                Goldman, and attorney Todd A. Frealy which are related to the Chapter 7 Petition of

6                debtor Exotic Euro Cars, and not explicitly excluded by docket nos. 37 and 50."

7                ("Category 2").

8        As demonstrated below, the Trustee and LNBYB have already produced to Movant all

9 documents that were required to be produced. Pursuant to the Stipulation, the Trustee agreed to

10 produce records belonging to the Debtor to Movant. <u>LNBYB has already produced to Movant all</u>

11 <u>of the Debtor's documents that are in possession of the Trustee and LNBYB. This includes all of</u>

12 <u>the Debtor's bank statements, wire transfer records, withdrawal slips and canceled checks from</u>

13 <u>Debtor's accounts at Bank of America, Chase and Mission Bank.</u> Therefore, all Category 1

14 documents in possession of the Trustee and LNBYB have already been produced to Movant.

15        In addition, the Stipulation expressly barred production of the Kumars' personal records.

16 <u>See Stipulation, page 4, paragraphs 3 and 4.</u> It does not require the Trustee or LNBYB to

17 produce the Transcript or documents received from third parties, such as the Kumars' responses

18 to discovery propounded by the Trustee in her adversary proceeding.

19        The Stipulation further does not require production of Category 2 documents sought by

20 Movant. Indeed, Movant's demand for production of the Category 2 documents seeks the

21 Kumars' discovery responses, as well as documents in possession of the Trustee and LNBYB

22 that are protected by the attorney-client privilege and the work product doctrine. The Trustee and

23 LNBYB object to Movant's request and reserve all rights to prevent disclosure of any materials

24 governed by the attorney-client privilege and work-product doctrine. Movant may assert his own

25 alleged claims against the Kumars and may conduct his own discovery against the Kumars in the

26 District Court Action, without forcing the Trustee to incur additional administrative fees and

27 expenses responding to his excessive and overbroad requests.

28

## II.

## STATEMENT OF FACTS

The Debtor commenced this case by filing a voluntary petition under Chapter 7 of 11 U.S.C. § 101 *et seq.* on April 10, 2018. Thereafter, Amy L. Goldman was appointed as the Chapter 7 Trustee for the estate, a capacity in which she continues to serve.

After her appointment, the Trustee, and her counsel, Todd Frealy of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), received certain documents belonging to the Debtor (the "Debtor's Documents"), including the following records:

        a.    Bank of America statements for 2015 for Debtor's account #7558;

        b.    Bank of America statements for 2016/2017 for Debtor's account #7558;

        c.    Profit and loss statement for 2016;

        d.    California Motor Vehicle Lease Agreement for 2017 Mercedes-Benz E300W;

        e.    Mission Bank statements for 2017 for Debtor's account #8075;

        f.    Debtor's 2014 tax returns;

        g.    Debtor's 2015 tax returns;

        h.    Debtor's 2016 tax returns;

        i.    Debtor's 2017 tax returns;

        j.    California Secretary of State Statement of Information filed on 5/31/2017;

        k.    Investigative report with LAPD dated June 7, 2017;

        l.    Proof of insurance and registration for 2017 PORS for Asif and Ashley Faheem;

        m.    Caption pages for pending lawsuits against Debtor;

        n.    Mission Bank Statements for Debtor's account #8075 for 2015 and 2016;

        o.    Mike Koss's address;

        p.    3 videos from Debtor's counsel of Michael Koss; and

        q.    Spreadsheet prepared by Dr. Kain Kumar concerning transfers from and to Debtor's accounts.

1

2          The Trustee also obtained recordings of the Debtor's 341(a) meetings of creditors at three

3    meetings (the "341a Recordings") and the personal Citibank Statements of Dr. Kain Kumar for

4    2017 ("Kumar's Personal Statements").

5          As discussed above, the Trustee entered into the Stipulation to resolve the First Motion To

6    Compel and to provide an orderly and efficient procedure to provide documents requested by

7    Movant. The Trustee and counsel have fully complied with the terms of the Stipulation and have

8    responded repeatedly to the numerous phone calls, emails and letters from the Movant.

9    Specifically the following were provided to Movant:

10          1.     On November 26, 2018, LNBYB produced all of the documents identified above

11    to Movant through a drop box link and a CD which contained requested recordings (and which

12    was delivered to Movant via Federal Express).

13          2.     On January 11, 2019, LNBYB sent a letter to Movant advising of the additional

14    documents received and which provided copies to Movant of the following documents:

15                 a.     Debtor's AP Aging Summary;

16                 b.     Debtor's AR Aging Detail;

17                 c.     Debtor's General Ledger 2016;

18                 d.     Debtor's General Ledger 2017;

19                 e.     Debtor's General Ledger 2018;

20                 f.     Debtor's documents from Debtor's former accountant including 2013

21    through 2016 tax returns with accountant notes.

22          3.     On January 28, 2019, LNBYB sent Movant a CD containing the Debtor's Bank of

23    America statements, Mission Bank statements, wire transfer records and quickbooks records

24    which had been received in response to the Trustee's subpoenas to those institutions. Through

25    January 28, 2019, all of the Debtor's records that had been received by the Trustee and LNBYB

26    had been produced to Movant.

27          4.     On February 4, 2019, LNBYB provided a copy to Movant of the Claims Register

28    for the bankruptcy estate (in response to Movant's request).

5.     On March 4, 2019, LNBYB sent Movant a correspondence advising of Debtor's records received by the Trustee and LNBYB since the last production. The Trustee also produced the Debtor's Chase account statements, which had recently been received. LNBYB further advised that it had received a preliminary report from the Trustee's accountants, but that such document constituted privileged and confidential work product which would not be produced.

6.     On April 8, 2019, LNBYB responded to a letter from Movant concerning the production of records and advising when the next production of the Debtor's documents, if any, would occur.

7.     On April 24, 2019, in response to Movant's written inquiry, LNBYB advised Movant that no records had been received since the last production.

8.     On May 3, 2019, in response to Movant's written inquiry, LNBYB advised Movant that no records had been received since the last production was made on March 4, 2019.

9.     On May 24, 2019, in response to Movant's written inquiry, LNBYB advised Movant that no records had been received since the last production was made on March 4, 2019.

10.    On June 14, 2019, in response to Movant's written inquiry, LNBYB advised Movant that the Trustee has produced all records required by the Stipulation and that no records had been received since the last production was made on March 4, 2019.

11.    On June 28, 2019, in response to Movant's written inquiry, LNBYB advised Movant that no records had been received since the last production was made on March 4, 2019.

12.    On July 15, 2019, in response to Movant's written inquiry, LNBYB advised Movant that documents and responses were received in response to demand letters sent by LNBYB to third parties, but that such documents would not be produced.

13.    On July 17, 2019, in response to Movant's written inquiry, LNBYB responded to Movant's requests for a status update on this case.

14.    On July 31, 2019, in response to Movant's written inquiry, LNBYB responded to Movant's requests for a status update on this case.

15.    On August 27, 2019, LNBYB advised Movant that documents that belonged to the Debtor had been received from a creditor, and such documents were produced to Movant.

7

LNBYB further advised that responses to demand letters were received from two other third parties, but that such documents would not be produced.

16.     On November 1, 2019, LNBYB advised Movant that no records had been received since the last production was made on August 27, 2019.

17.     On December 30, 2019, LNBYB advised Movant that no records had been received since the last update on November 1, 2019.

18.     On December 30, 2019, LNBYB commenced 3 adversary proceedings on behalf of the Trustee, including an adversary proceeding against the Kumars.

19.     On January 28, 2020, in response to Movant's written request, LNBYB provided an update of the status of the adversary proceeding against the Kumars.

20.     On January 31, 2020, in response to Movant's written request, LNBYB provided an explanation concerning the reason the complaint against Mandalay Bay was amended.

21.     On February 4, 2020, in response to Movant's written request, LNBYB provided an update of the status of the adversary proceeding against the Kumars.

22.     On February 14, 2020, in response to Movant's written request, LNBYB provided an update of the status of the adversary proceeding against the Kumars.

23.     On February 20, 2020, in response to Movant's written request, LNBYB provided an update of the status of the adversary proceeding against the Kumars.

24.     On March 5, 2020, in response to Movant's written request, LNBYB provided an update of the status of all 3 adversary proceedings.

25.     On April 13, 2020, in response to Movant's written request, LNBYB provided an update of the status of all 3 adversary proceedings.

26.     On May 20, 2020, in response to Movant's written request, LNBYB provided an update of the status of the adversary proceeding against the Kumars.

27.     On May 22, 2020, in response to Movant's written request, LNBYB provided an update of the status of the adversary proceeding against Mandalay Bay and S&A Polacheck and Associates.

28.     On June 9, 2020, in response to Movant's written request, LNBYB provided an update of the status of depositions in the adversary proceeding against the Kumars.

29.     On or about June 23, 2020, LNBYB received the Kumars' responses to the discovery propounded on behalf of the Trustee. On April 17, 2020, LNBYB propounded Requests for Admission, Interrogatories and Requests for Production of Documents on the Kumars.

30.     LNBYB conducted a deposition of Sharmini Kumar on June 25, 2020.

31.     On July 9, 2020, in response to Movant's written request, LNBYB provided an update of the status of discovery and depositions in the adversary proceeding against the Kumars.

32.     The Trustee and LNBYB participated in a mediation with Sharmini Kumar on July 10, 2020 during which the adversary against the Kumars was settled. LNBYB recently received the executed settlement agreement and will be filing a motion to approve the settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

33.     On August 3, 2020, LNBYB advised Movant that the Stipulation did not require the production of the Transcript but that Movant was free to purchase his own copy from the court reporter. LNBYB further reminded Movant that the Trustee is not permitted to produce the personal records of the Kumars, and that Movant should pursue his own discovery directly against the Kumars. LNBYB further reminded Movant that he had already received all documents required by the Stipulation.

34.     In response, on August 7, 2020, Movant filed the Motion to Compel.

35.     In addition, on August 11, 2020, Movant sent a letter to the Trustee and LNBYB which demanded to know the contact information for the estate's accountants, and a "comprehensive list of each, and every correspondence, document, media, email, or letter received during the course of the administration of, and research into the Exotic Euro Cars Chapter 7 Petition, and related Adversary Proceedings filed by Chapter 7 Trustee Amy L. Goldman whether, or not you believe the aforementioned correspondence, document, media, email, or letter was envisioned by the stipulation agreed with the undersigned creditor and Plaintiff." Movant's letter is attached hereto as Exhibit C.

1    As discussed herein, the Motion to Compel should be denied. The Trustee respectfully

2    requests that the Court enter an order denying the Motion to Compel, and finding that the

3    Trustee's obligations under the Stipulation have been satisfied, and that the Trustee is under no

4    further obligation to produce any further records or respond to any further inquiries from Movant.

5    The Trustee and LNBYB further object to Movant's request for documents in his August

6    11, 2020 letter as overbroad, burdensome, irrelevant and intended to harass the Trustee and

7    LNBYB. In addition, the Trustee and LNBYB object to Movant's request for documents on the

8    grounds that it seeks documents which are protected by the attorney-client privilege and attorney

9    work product doctrine.

10    **III.**

11    **THE MOTION TO COMPEL SHOULD BE DENIED BECAUSE THE TRUSTEE HAS**

12    **FULFILLED HER DUTIES UNDER SECTION 704(A)(7) AND THE TRUSTEE AND**

13    **LNBYB HAVE ALREADY PRODUCED ALL RECORDS AS REQUIRED BY THE**

14    **STIPULATION TO MOVANT**

15    Section 704(a)(7) of the Bankruptcy Code provides that the Trustee shall: "unless the

16    court orders otherwise, furnish such information concerning the estate and the estate's

17    administration as is requested by a party in interest."

18    The Stipulation between the Trustee and Movant resolved the First Motion To Compel

19    filed by Movant and fulfilled the Trustee's duties under Section 704(a)(7) of the Bankruptcy

20    Code. Pursuant to the Stipulation, the Trustee agreed to provide all of the Debtor's documents to

21    Movant, but not the personal statements of Kain Kumar. The Trustee felt it was important to

22    maintain the privacy of the records and documents of third parties. The Trustee and LNBYB

23    fully performed the terms of the Stipulation and provided Movant with all of the Debtor's

24    records. On December 30, 2019, LNBYB last advised Movant that no further documents had

25    been received. Thereafter, the Trustee's and LNBYB's focus in this case changed from

26    investigation and discovery into the Debtor's pre-filing activities, to prosecution of 3 adversary

27    proceedings to avoid and recover transfers made by the Debtor.

28

1       Once the adversary proceedings were commenced, LNBYB responded to Movant's

2   frequent communications requesting an update of the status of the cases. LNBYB always

3   responded to Movant's requests. Since December 30, 2019, the Trustee and LNBYB have not

4   received any documents that belong to the Debtor. However, LNBYB and the Trustee's

5   accountants developed reports and analysis to prepare for trial against the Kumars, but such

6   documents are protected against disclosure by the attorney work product doctrine. The Motion to

7   Compel appears to seek production of these documents. In addition, Movant's August 11, 2020

8   letter reveals Movant's attempt to recover every document received by the Trustee during this

9   case, regardless of nature and suggests Movant intends to attempt to force production of such

10  records by the Trustee and LNBYB through a motion in the District Court Action.

11      Rule 7026(b)(3) provides: "(A) <u>Documents and Tangible Things</u>. Ordinarily, a party may

12  not discover documents and tangible things that are prepared in anticipation of litigation or for

13  trial by or for another party or its representative (including the other party's attorney, consultant,

14  surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be

15  discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows

16  that it has substantial need for the materials to prepare its case and cannot, without undue

17  hardship, obtain their substantial equivalent by other means."

18      The Trustee and LNBYB object to the production of all reports, documents and

19  correspondence that were developed by LNBYB and the Trustee's accountants in anticipation of

20  trial in the adversary proceeding against the Kumars. Such production would violate the attorney

21  client privilege and attorney work-product doctrine. The Trustee and LNBYB reserve all rights

22  to prevent disclosure of such materials. <u>Movant is already in possession of all of the Debtor's</u>

23  <u>documents and he is free to develop his own analysis and reports in pursuit of whatever claims</u>

24  <u>he may possess, without any undue hardship</u>.

25      In addition, LNBYB received discovery responses from the Kumars and the Transcript.

26  The Trustee and LNBYB submit that none of these documents must be produced to Movant

27  because they are beyond the scope of the Stipulation. Movant has his own alleged claims against

28  the Kumars which he can pursue in the District Court Action, and he is free to conduct his own

discovery against the Kumars in that case. Movant should not be permitted to conduct overbroad, burdensome and harassing discovery against the Trustee and her professionals, which will not benefit the estate and which will instead further increase the estate's administrative fees and costs.

## IV.

## **CONCLUSION**

As discussed herein, the Trustee submits that the Motion to Compel should be denied. The Trustee respectfully requests that the Court enter an order that the Trustee's and LNBYB's obligation under the Stipulation to provide documents and records to Movant is satisfied, and the Trustee and LNBYB are under no further obligation to provide any documents to Movant.

DATED:  August 13, 2020                LEVENE, NEALE, BENDER, YOO &
                                       BRILL L.L.P.


                                       By:___*/s/ Todd A. Frealy*_____
                                           TODD A. FREALY
                                           Attorneys for Amy Goldman
                                           Chapter 7 Trustee

12

## DECLARATION OF TODD FREALY

I, Todd Frealy, declare as follows:

1.    I am an individual over the age of 18 years old.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB"), bankruptcy counsel to Amy Goldman, the duly appointed Chapter 7 Trustee (the "Trustee") in the bankruptcy case of Exotic Euro Cars, Inc. (collectively, the "Debtor").  I am an attorney licensed to practice law in the State of California, and before, among other courts, the United States District Court and the Bankruptcy Court for the Central District of California. I have personal knowledge of the facts stated herein, except where stated upon information and belief, and as to such statements, I believe them to be true.

2.    I make this declaration in support of the Trustee's opposition to the Motion to Compel filed by Renzer Bell ("Movant").

3.    On October 24, 2018, Movant filed a motion with the Bankruptcy Court styled: "Notice of Motion For An Order Directing Trustee Amy Goldman, And Her Attorney Todd Frealy To Release Documents Germane To The Chapter 7 Petition Of Debtor Exotic Euro Cars" (Dkt. 31) (the "First Motion To Compel"). The parties conferred and ultimately reached a stipulation which resolved the First Motion To Compel (the "Stipulation").

4.    The Court approved the Stipulation pursuant to an order entered on November 21, 2018. A true and correct copy of the Stipulation and order approving the Stipulation are attached hereto as Exhibits A and B, respectively, and are incorporated herein by reference.

5.    During the pendency of this case, Movant has contacted the Trustee and LNBYB with excessive correspondence (over 100 calls, letters and emails) seeking information about the case, and despite many requests that Movant cease the incessant communications which were causing the bankruptcy estate to incur substantial attorneys' fees and costs.

6.    I am informed and believe that Movant commenced an action against Kain Kumar and Sharmini Kumar (the "Kumars"), and other defendants, which is pending in the United States District Court, Southern District of New York as Renzer Bell v. Andrew Michael Koss, a/k/a Michael Koss, Dr. Kain Kumar, Sharmini Kumar, John Doe, Exotic Euro Cars, and "ABC

Corporations" being unknown, and fictitious at this time, Case No. 1:17-cv-07762-AT-DCF (the "District Court Action").

7.    On December 26, 2018, Movant filed a proof of claim against the estate in the amount of $773,435.

8.    I am informed and believe that Movant seeks turnover of the following 3 categories of documents:

a.  "any, and all documents, and media to creditor Renzer Bell including but not limited to documents evincing transfers, wire transfers, withdrawals and payments made by Exotic Euro Cars for the benefit of its directors, officers or shareholders." ("Category 1").

b.  "Oral deposition transcript taken for defendant Sharmini Kumar." (the "Transcript").

c.  "Any other discovery documents/materials/media in possession of Trustee Amy Goldman, and attorney Todd A. Frealy which are related to the Chapter 7 Petition of debtor Exotic Euro Cars, and not explicitly excluded by docket nos. 37 and 50." ("Category 2").

9.    I have produced to Movant all documents that were required to be produced by the Stipulation. I have produced to Movant all of the Debtor's documents that are in possession of the Trustee and LNBYB. This includes all of the Debtor's bank statements, wire transfer records, withdrawal slips and canceled checks from Debtor's accounts at Bank of America, Chase and Mission Bank.

10.    The Debtor commenced this case by filing a voluntary petition under Chapter 7 of 11 U.S.C. § 101 *et seq.* on April 10, 2018. Thereafter, the Trustee was appointed as the Chapter 7 Trustee for the estate, a capacity in which she continues to serve.

11.    After the Trustee's appointment, the Trustee and I received certain documents belonging to the Debtor (the "Debtor's Documents"), including the following records:

a.  Bank of America statements for 2015 for Debtor's account #7558;

b.  Bank of America statements for 2016/2017 for Debtor's account #7558;

c.   Profit and loss statement for 2016;

d.   California Motor Vehicle Lease Agreement for 2017 Mercedes-Benz E300W;

e.   Mission Bank statements for 2017 for Debtor's account #8075;

f.   Debtor's 2014 tax returns;

g.   Debtor's 2015 tax returns;

h.   Debtor's 2016 tax returns;

i.   Debtor's 2017 tax returns;

j.   California Secretary of State Statement of Information filed on 5/31/2017;

k.   Investigative report with LAPD dated June 7, 2017;

l.   Proof of insurance and registration for 2017 PORS for Asif and Ashley Faheem;

m.  Caption pages for pending lawsuits against Debtor;

n.   Mission Bank Statements for Debtor's account #8075 for 2015 and 2016;

o.   Mike Koss's address;

p.   3 videos from Debtor's counsel of Michael Koss; and

q.   Spreadsheet prepared by Dr. Kain Kumar concerning transfers from and to Debtor's accounts.

12.     The Trustee also obtained recordings of the Debtor's 341(a) meetings of creditors at three meetings (the "341a Recordings") and the personal Citibank Statements of Dr. Kain Kumar for 2017 ("Kumar's Personal Statements").

13.     The Trustee entered into the Stipulation to resolve the First Motion To Compel and to provide an orderly and efficient procedure to provide documents requested by Movant.

14.     On November 26, 2018, I produced all of the documents identified above in paragraph 11 to Movant through a drop box link and a CD which contained requested recordings (and which was delivered to Movant via Federal Express).

/ / /

/ / /

/ / /

15

15.    On January 11, 2019, I sent a letter to Movant advising of the additional documents received and which provided copies to Movant of the following documents:[2]

    a.    Debtor's AP Aging Summary;

    b.    Debtor's AR Aging Detail;

    c.    Debtor's General Ledger 2016;

    d.    Debtor's General Ledger 2017;

    e.    Debtor's General Ledger 2018;

    f.    Debtor's documents from Debtor's former accountant including 2013 through 2016 tax returns with accountant notes.

16.    On January 28, 2019, I sent Movant a CD containing the Debtor's Bank of America statements, Mission Bank statements, wire transfer records and quickbooks records which had been received in response to the Trustee's subpoenas to those institutions. Through January 28, 2019, all of the Debtor's records that had been received by the Trustee and LNBYB had been produced to Movant.

17.    On February 4, 2019, I provided a copy to Movant of the Claims Register for the bankruptcy estate (in response to Movant's request).

18.    On March 4, 2019, LNBYB sent Movant a correspondence advising of Debtor's records received by the Trustee and LNBYB since the last production. I also produced the Debtor's Chase account statements, which had recently been received. I further advised that LNBYB had received a preliminary report from the Trustee's accountants, but that such document constituted privileged and confidential work product which would not be produced.

19.    On April 8, 2019, I responded to a letter from Movant concerning the production of records and advising when the next production of the Debtor's documents, if any, would occur.

---

[2] So as to not overburden the Court, the letters and emails described in this declaration are summarized herein. However, copies of all correspondence can be submitted if desired by the Court.

20.     On April 24, 2019, in response to Movant's written inquiry, I advised Movant that no records had been received since the last production.

21.     On May 3, 2019, in response to Movant's written inquiry, I advised Movant that no records had been received since the last production was made on March 4, 2019.

22.     On May 24, 2019, in response to Movant's written inquiry, I advised Movant that no records had been received since the last production was made on March 4, 2019.

23.     On June 14, 2019, in response to Movant's written inquiry, I advised Movant that the Trustee has produced all records required by the Stipulation and that no records had been received since the last production was made on March 4, 2019.

24.     On June 28, 2019, in response to Movant's written inquiry, I advised Movant that no records had been received since the last production was made on March 4, 2019.

25.     On July 15, 2019, in response to Movant's written inquiry, I advised Movant that documents and responses were received in response to demand letters sent by LNBYB to third parties, but that such documents would not be produced.

26.     On July 17, 2019, in response to Movant's written inquiry, I responded to Movant's requests for a status update on this case.

27.     On July 31, 2019, in response to Movant's written inquiry, I responded to Movant's requests for a status update on this case.

28.     On August 27, 2019, I advised Movant that documents that belonged to the Debtor had been received from a creditor, and such documents were produced to Movant. I further advised that responses to demand letters were received from two other third parties, but that such documents would not be produced.

29.     On November 1, 2019, I advised Movant that no records had been received since the last production was made on August 27, 2019.

30.     On December 30, 2019, I advised Movant that no records had been received since the last update on November 1, 2019.

31.     On December 30, 2019, LNBYB commenced 3 adversary proceedings on behalf of the Trustee, including an adversary proceeding against the Kumars.

17

32.     On January 28, 2020, in response to Movant's written request, I provided an update of the status of the adversary proceeding against the Kumars.

33.     On January 31, 2020, in response to Movant's written request, I provided an explanation concerning the reason the complaint against Mandalay Bay was amended.

34.     On February 4, 2020, in response to Movant's written request, I provided an update of the status of the adversary proceeding against the Kumars.

35.     On February 14, 2020, in response to Movant's written request, I provided an update of the status of the adversary proceeding against the Kumars.

36.     On February 20, 2020, in response to Movant's written request, I provided an update of the status of the adversary proceeding against the Kumars.

37.     On March 5, 2020, in response to Movant's written request, I provided an update of the status of all 3 adversary proceedings.

38.     On April 13, 2020, in response to Movant's written request, I provided an update of the status of all 3 adversary proceedings.

39.     On May 20, 2020, in response to Movant's written request, I provided an update of the status of the adversary proceeding against the Kumars.

40.     On May 22, 2020, in response to Movant's written request, I provided an update of the status of the adversary proceeding against Mandalay Bay and S&A Polacheck and Associates.

41.     On June 9, 2020, in response to Movant's written request, I provided an update of the status of depositions in the adversary proceeding against the Kumars.

42.     On or about June 23, 2020, I received the Kumars' responses to the discovery propounded on behalf of the Trustee. On April 17, 2020, LNBYB propounded Requests for Admission, Interrogatories and Requests for Production of Documents on the Kumars.

43.     I conducted a deposition of Sharmini Kumar on June 25, 2020.

44.     On July 9, 2020, in response to Movant's written request, I provided an update of the status of discovery and depositions in the adversary proceeding against the Kumars.

45.     The Trustee and I participated in a mediation with Sharmini Kumar on July 10, 2020 during which the adversary against the Kumars was settled. LNBYB recently received the

18

1    executed settlement agreement and will be filing a motion to approve the settlement under Rule

2    9019 of the Federal Rules of Bankruptcy Procedure.

3        46.    On August 3, 2020, I advised Movant that the Stipulation did not require the

4    production of the Transcript but that Movant was free to purchase his own copy from the court

5    reporter. I further reminded Movant that the Trustee is not permitted to produce the personal

6    records of the Kumars, and that Movant should pursue his own discovery directly against the

7    Kumars. I further reminded Movant that he had already received all documents required by the

8    Stipulation.

9        47.    On August 7, 2020, Movant filed the Motion to Compel.

10       48.    In addition, on August 11, 2020, Movant sent a letter to the Trustee and me which

11   demanded to know the contact information for the estate's accountants, and a "comprehensive list

12   of each, and every correspondence, document, media, email, or letter received during the course

13   of the administration of, and research into the Exotic Euro Cars Chapter 7 Petition, and related

14   Adversary Proceedings filed by Chapter 7 Trustee Amy L. Goldman whether, or not you believe

15   the aforementioned correspondence, document, media, email, or letter was envisioned by the

16   stipulation agreed with the undersigned creditor and Plaintiff." Movant's letter is attached hereto

17   as Exhibit C and is incorporated herein by reference.

18       I declare under penalty of perjury, under the laws of the United States of America that the

19   foregoing is true and correct and that this declaration was executed on August 13, 2020, at Los

20   Angeles, California.

21

22                                        _____*/s/ Todd Frealy*_____
                                          TODD FREALY

23

24

25

26

27

28

19

**EXHIBIT "A"**

TODD A. FREALY (SBN 198780)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Emails:  taf@lnbyb.com

Attorneys for Amy L. Goldman,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. 1:18-bk-10886-VK |
| | ) |
| EXOTIC EURO CARS, Inc., | ) Chapter 7 |
| | ) |
| Debtor. | ) **STIPULATION BETWEEN AMY L.** |
| | ) **GOLDMAN, CHAPTER 7 TRUSTEE,** |
| | ) **AND CREDITOR RENZER BELL** |
| | ) **RESOLVING THE NOTICE OF** |
| | ) **MOTION FOR AN ORDER** |
| | ) **DIRECTING TRUSTEE AMY** |
| | ) **GOLDMAN, AND HER ATTORNEY** |
| | ) **TODD FREALY TO RELEASE** |
| | ) **DOCUMENTS GERMANE TO THE** |
| | ) **CHAPTER 7 PETITION OF DEBTOR** |
| | ) **EXOTIC EURO CARS** |
| | ) |
| | ) |
| | ) [No Hearing Required] |
| | ) |
| | ) |
| | ) |
| | ) |

1

TO THE HONORABLE VICTORIA KAUFMAN, UNITED STATES
BANKRUPTCY JUDGE:

Amy L. Goldman, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy
estate (the "Estate") of Exotic Euro Cars, Inc. the debtor in the above-captioned Chapter 7
bankruptcy case (the "Debtor"), on the one hand, and creditor Renzer Bell ("Bell"), on the other
hand, hereby enter into this stipulation (the "Stipulation") based upon the following facts:

## RECITALS

A.    The Debtor commenced this case by filing a voluntary petition under Chapter 7 of
11 U.S.C. § 101 *et seq.* on April 10, 2018 (the "Petition Date").

B.    On or about the Petition Date, Amy L. Goldman was appointed as the Chapter 7
Trustee for the Estate, a capacity in which she continues to serve.

C.    After her appointment, the Trustee, and her counsel, Todd Frealy of Levene, Neale,
Bender, Yoo & Brill L.L.P., received certain documents belonging to the Debtor (the "Debtor's
Documents"), including the following records:

        a.  Bank of America statements for 2015 for Debtor's account #7558;

        b.  Bank of America statements for 2016/2017 for Debtor's account
           #7558;

        c.  Profit and loss statement for 2016;

        d.  California Motor Vehicle Lease Agreement for 2017 Mercedes-
           Benz E300W;

        e.  Mission Bank statements for 2017 for Debtor's account #8075;

        f.  Debtor's 2014 tax returns;

        g.  Debtor's 2015 tax returns;

        h.  Debtor's 2016 tax returns;

        i.  Debtor's 2017 tax returns;

        j.  California Secretary of State Statement of Information filed on
           5/31/2017;

        k.  Investigative report with LAPD dated June 7, 2017;

l.  Proof of insurance and registration for 2017 PORS for Asif and Ashley Faheem;

m.  Caption pages for pending lawsuits against Debtor;

n.  Mission Bank Statements for Debtor's account #8075 for 2015 and 2016;

o.  Mike Koss's address;

p.  3 videos from Debtor's counsel of Michael Koss; and

q.  Spreadsheet prepared by Dr. Kain Kumar concerning transfers from and to Debtor's accounts.

D.  After her appointment, the Trustee also received the personal Citibank Statements of Dr. Kain Kumar for 2017 ("Kumar's Personal Statements").

E.  The Trustee also obtained recordings of the Debtor's 341(a) meetings of creditors at three meetings (the "341a Recordings").

F.  The Trustee is in the process of conducting additional discovery against third parties in an attempt to recover information and documents that will lead to the recovery of assets for the benefit of the bankruptcy estate. The Trustee anticipates obtaining additional information and documents within the next 90 days (the "Future Discovery").

G.  On October 24, 2018, Bell filed a motion with the Bankruptcy Court as docket number 31 styled: "Notice of Motion For An Order Directing Trustee Amy Goldman, And Her Attorney Todd Frealy To Release Documents Germane To The Chapter 7 Petition Of Debtor Exotic Euro Cars" (the "Motion To Compel"). The Motion To Compel has not yet been set for hearing.

H.  The Trustee is willing to provide a copy of the Debtor's Documents as identified above in Paragraph C and the 341a Recordings,  to Bell, subject to Bankruptcy Court approval. Absent the Bankruptcy Court ordering otherwise, the Trustee does not intend to turn over Kumar's Personal Statements to Bell.

I.  The parties conferred concerning the Motion To Compel and present the instant Stipulation to resolve the issues therein.

3

## STIPULATION

NOW THEREFORE, subject to the approval of the Court, the Trustee and creditor Renzer Bell hereby stipulate and agree as follows:

1.     The recitals above are incorporated by reference as if set forth at length herein.

2.     The Trustee is authorized to provide a copy of the Debtor's Documents as identified above in Paragraph C and the 341a Recordings, to Bell, but subject to the Trustee redacting all personal information relating to the Debtor's principals.

3.     By December 31, 2018, the Trustee will provide to Bell a list of any Future Discovery obtained, and will agree to produce additional records which belong to the Debtor to Bell by January 15, 2019. In addition, the Trustee will provide to Bell a list of any Future Discovery obtained after December 31, 2018 every 60 days, and will agree to produce additional records which belong to the Debtor every 75 days.  To the extent that the Trustee obtains records which raise privacy concerns or are not documents which belong to the Debtor, the Trustee will not produce such records or documents, but will provide Bell with a list of such records so that he can determine whether it is necessary to seek a Court order that instructs their production.

4.     The Trustee is not authorized to provide a copy of Kumar's Personal Statements to Bell.

5.     The Trustee will serve this Stipulation on the Debtor and their principals, who shall have 7 days to notify Trustee's counsel of any objection. If no notice is received, the Trustee will proceed to lodge an order approving the Stipulation.

6.     The Motion To Compel is withdrawn.

7.     This Stipulation shall be deemed effective immediately upon the entry of an Order approving this Stipulation. If the Court does not approve this Stipulation, then this Stipulation shall be deemed null and void and of no force and effect.

8.     This Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection therewith.

9.     This Stipulation may be executed in any number of counterparts, any and all of which shall be deemed to be original.

APR-19-2014 02:11 From:

1    10.    Each person signing this Stipulation, hereby represents and warrants that he is

2    authorized to so sign; and that the execution, formation, and performance of this Stipulation by

3    the parties is duly authorized, subject to Bankruptcy Court approval.

4    Dated: October 31, 2018              AMY L. GOLDMAN, CHAPTER 7 TRUSTEE

5

6                                        By:

7                                             TODD A. FREALY
                                             LEVENE, NEALE, BENDER, YOO
8                                                  & BRILL L.L.P.
                                             Attorneys for Amy L. Goldman,
9                                            Chapter 7 Trustee of the Bankruptcy Estate of
                                             Exotic Euro Cars, Inc.
10

11   Dated: October 31, 2018

12

13                                       By:
                                             RENZER BELL
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN AMY L. GOLDMAN, CHAPTER 7 TRUSTEE, AND CREDITOR RENZER BELL RESOLVING THE NOTICE OF MOTION FOR AN ORDER DIRECTING TRUSTEE AMY GOLDMAN, AND HER ATTORNEY TODD FREALY TO RELEASE DOCUMENTS GERMANE TO THE CHAPTER 7 PETITION OF DEBTOR EXOTIC EURO CARS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **November 2, 2018**, I checked the CM/ECF docket for this bankruptcy case and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Steven R Fox    emails@foxlaw.com
- Todd A Frealy    taf@lnbrb.com
- Larry W Gabriel    lgabriel@brutzkusgubner.com, nfields@brutzkusgubner.com
- Amy L Goldman (TR)    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Kahlil J McAlpin    kahlil24@aol.com, vanesa.guillen@yahoo.com
- Jeffrey D Tuttle    jtuttle@swlaw.com, jjkyle@swlaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 2, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**SEE ATTACHED MAIL SERVICE LIST.**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 2, 2018 | Megan Wertz | /s/ Megan Wertz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                   **F 9013-3.1.PROOF.SERVICE**

Case 1:18-bk-10886-VK    Doc 133    Filed 09/02/20    Entered 09/02/20 16:07:51    Desc
Main Document    Page 7 of 36

**2. SERVED BY UNITED STATES MAIL**

Hon. Victoria S. Kaufman
USBC – Central District of CA
21041 Burbank Blvd, Ste 354 /Ctrm 301
Woodland Hills, CA 91367

Debtor
Exotic Euro Cars, Inc.
22223 Ventura Blvd.
Woodland Hills, CA 91364

Principals

Dr. Kain Kumar
4280 Balboa Blvd
Encino, CA 91316

Sharmini Kumar
4280 Balboa Blvd
Encino, CA 91316

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

**EXHIBIT "B"**

1   TODD A. FREALY (SBN 198780)
2   LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
    10250 Constellation Blvd., Suite 1700
3   Los Angeles, California 90067
    Telephone: (310) 229-1234
4   Facsimile: (310) 229-1244
    Emails:  taf@lnbyb.com
5
6   Attorneys for Amy L. Goldman,
    Chapter 7 Trustee

**FILED & ENTERED**

**NOV 21 2018**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Bever       DEPUTY CLERK

CHANGES MADE BY COURT

7
8                    UNITED STATES BANKRUPTCY COURT
9
                      CENTRAL DISTRICT OF CALIFORNIA
10
                       SAN FERNANDO VALLEY DIVISION
11
12
13   In re                                  ) Case No. 1:18-bk-10886-VK
                                            )
14   EXOTIC EURO CARS, Inc.                 ) Chapter 7
                                            )
15                     Debtor.              ) **ORDER APPROVING STIPULATION**
                                            ) **BETWEEN   AMY   L.   GOLDMAN,**
16                                          ) **CHAPTER    7    TRUSTEE,   AND**
                                            ) **CREDITOR    RENZER    BELL**
17                                          ) **RESOLVING   THE   NOTICE   OF**
                                            ) **MOTION   FOR   AN   ORDER**
18                                          ) **DIRECTING    TRUSTEE    AMY**
                                            ) **GOLDMAN,  AND  HER  ATTORNEY**
19                                          ) **TODD   FREALY   TO   RELEASE**
                                            ) **DOCUMENTS  GERMANE  TO  THE**
20                                          ) **CHAPTER 7 PETITION OF DEBTOR**
                                            ) **EXOTIC EURO CARS**
21                                          )
                                            )
22                                          )
                                            ) [No Hearing Required]
23                                          )
                                            )
24                                          )
     _____ )
25
26
27
28

                                          1

The Court, having considered that certain *"Stipulation Between Amy L. Goldman, Chapter 7 Trustee, And Creditor Renzer Bell Resolving The Notice Of Motion For An Order Directing Trustee Amy Goldman, and Her Attorney Todd Frealy To Release Documents Germane To The Chapter 7 Petition Of Debtor Exotic Euro Cars"* (the "<u>Stipulation</u>") *[doc. 37]* entered into by and between Amy L. Goldman, the duly appointed Chapter 7 Trustee for the bankruptcy estate of Exotic Euro Cars, Inc., on the one hand, and Creditor Renzer Bell, on the other hand, and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. The Stipulation is approved in its entirety.

<u>IT IS SO ORDERED</u>.

###

Date: November 21, 2018

Victoria S. Kaufman
United States Bankruptcy Judge

2

**EXHIBIT "C"**

August 11, 2020

Amy L. Goldman                         Todd A. Frealy
Trustee                                Partner
633 West 5th Street         Levene, Neale, Bender, Yoo & Brill L.L.P.
Suite 4000                             10250 Constellation Boulevard
Los Angeles, California 90071          Suite 1700
                                       Los Angeles, California 90067

<u>Via Email</u>

Dear Trustee Goldman, and Attorney Frealy,

The undersigned inquires today pursuant to the requirement to file an application, and motion before Hon. Judge Analisa Torres [Renzer Bell v. Andrew Michael Koss, Dr. Kain Kumar et al. case no. **17 CV 07762(ANT)(DCF)**].

What is the name, and contact information for the forensic accountant retained by Chapter 7 Trustee Amy L. Goldman in the Exotic Euro Cars Chapter 7 Petition, and related Adversary Proceedings filed by Chapter 7 Trustee Amy L. Goldman? What are the names, and contact details for each, and every professional service vendor including but not limited to accountants, forensic accountants, and private investigators retained by Chapter 7 Trustee Amy L. Goldman in the Exotic Euro Cars Chapter 7 Petition, and related Adversary Proceedings filed by Chapter 7 Trustee Amy L. Goldman?

The undersigned creditor, and Plaintiff respectfully requests a comprehensive list of each, and every correspondence, document, media, email, or letter received during the course of the administration of, and research into the Exotic Euro Cars Chapter 7 Petition, and related Adversary Proceedings filed by Chapter 7 Trustee Amy L. Goldman whether, or not you believe the aforementioned correspondence, document, media, email, or letter was envisioned by the stipulation agreed with the undersigned creditor, and Plaintiff.

Thank you for your attention, and consideration.

Sincerely,

Renzer Bell
(253)528-6971
(904)473-7461

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND MEDIA; DECLARATION OF TODD A. FREALY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 13, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Steven R Fox    emails@foxlaw.com**
- **Todd A Frealy    taf@lnbrb.com**
- **Larry W Gabriel    lgabriel@bg.law, nfields@bg.law**
- **Amy L Goldman (TR)    marisol.jaramillo@lewisbrisbois.com, AGoldman@iq7technology.com;ecf.alert+Goldman@titlexi.com**
- **Steven T Gubner    sgubner@bg.law, ecf@bg.law**
- **Vivian Ho    BKClaimConfirmation@ftb.ca.gov**
- **Kahlil J McAlpin    kahlil24@aol.com, vanesa.guillen@yahoo.com**
- **Stacey A Miller    smiller@tharpe-howell.com**
- **Julie E Oelsner    joelsner@weintraub.com, bjennings@weintraub.com**
- **Carmela Pagay    ctp@lnbyb.com**
- **Kathy Bazoian Phelps    kphelps@diamondmccarthy.com, helen.choi@diamondmccarthy.com**
- **Valerie Smith    claims@recoverycorp.com**
- **Jeffrey D Tuttle    jtuttle@swlaw.com, jjkyle@swlaw.com**
- **United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On **August 13, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Renzer Bell
5736 Cleveland Road
Jacksonville, FL 32209

☐ *Service information continued on attached page*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 13, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served by Overnight Mail***
Hon. Victoria S. Kaufman
United States Bankruptcy Court
21041 Burbank Blvd, Ste 354 /Ctrm 301
Woodland Hills, CA 91367

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 13, 2020 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9013-3.1.PROOF.SERVICE**